A. Eric Bjorgum (SBN 198392)
Marc Karish (SBN 205440)
KARISH & BJORGUM, PC
16 North Marengo St., Suite 307
Pasadena, California 91101
Telephone:    (213) 785-8070
Facsimile:    (213) 995-5010
Eric.bjorgum@kb-ip.com

Attorneys for Plaintiffs GREAT WHITE
ENTERTAINMENT, INC., MARK KENDALL,
MICHAEL LARDIE and AUDIE DESBROW

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GREAT WHITE ENTERTAINMENT, INC.; MARK KENDALL; MICHAEL LARDIE and AUDIE DESBROW,

            Plaintiffs,

vs.

STERLING VENUE VENTURES, LLC, a California limited liability company and DOES 1-10 Inclusive,
            Defendants.

Case No.:

**COMPLAINT FOR:**
**1.  INFRINGEMENT OF TRADEMARK;**
**2.  FALSE DESIGNATION OF ORIGIN;**
**3. COMMON LAW TRADEMARK INFRINGEMENT**
**4.  COMMON LAW UNFAIR COMPETITION; and**
**5.  CALIFORNIA STATUTORY UNFAIR COMPETITION**

***Demand for Jury Trial***

## COMPLAINT AGAINST STERLING VENUE VENTURES, LLC

Plaintiffs Great White Entertainment, Inc., Mark Kendall, Michael Lardie and Audie Desbrow, for their claims against Defendant Sterling Venue Ventures, Inc. and Does 1-10 inclusive, state as follows:

## NATURE OF THE CASE

1.      This is an action for trademark infringement, false designation of origin, common law trademark infringement, common law unfair competition and statutory unfair competition.  At issue in this action is the willful infringement and misappropriation of Plaintiffs' GREAT WHITE trademark rights by Defendants, who are using Plaintiff's trademark to promote a performance by a live band.

## PARTIES

2.      Plaintiff Great White Entertainment, Inc. ("Great White Entertainment") is a corporation formed and existing under the laws of the State of California.  Great White Entertainment handles the business affairs of the rock band Great White.

3.      Plaintiff Mark Kendall ("Kendall") is an individual living in Yucaipa, California.  Kendall is a rock guitarist most known for his work in Great White and is a founding member of Great White.  He is a co-owner of the GREAT WHITE trademark and service mark (the "Mark").

4.      Plaintiff Audie Desbrow ("Desbrow") is an individual living in San Bernardino, California.  He is the drummer in Great White. He is a co-owner of the Mark.

5.      Plaintiff Michael Lardie ("Lardie") is an individual living in Las Vegas, Nevada.  Lardie is a multi-instrumentalist, producer, performer, songwriter and engineer who has been in Great White since 1985.  He is a co-owner of the Mark.

6.   On information and belief, Defendant Sterling Venue Ventures, LLC ("Sterling Venue") is a California limited liability company with its principle place of business in Los Angeles, California.

7.   Plaintiffs are unaware of the true names and identities of DOES 1 – 10 inclusive and therefore sued these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and therefore allege that each of the factiously named defendants is responsible in some manner for the occurrences alleged herein, and Plaintiffs' injuries were proximately caused by such defendants.  These fictitious defendants along with Defendants named above are referred to collectively as "Defendants" or "Sterling Venue," as appropriate.

## JURISDICTION AND VENUE

8.   This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* and under California statutory and common law.

9.   This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§§ 1331, 1338(a) and (b) in that it involves an action arising under the Lanham Act.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.   Defendant Sterling Venues is subject to personal jurisdiction in the State of California because it is a California limited liability company, conducts business in this state and offers services in this District.

11.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to this Complaint occurred in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiffs are members of the platinum rock band Great White.  In March, 2012, Plaintiffs became involved in litigation with their former vocalist, Jack Russell, over trademark rights to the GREAT WHITE mark.  In July, 2013, the parties reached a settlement agreement (the "Agreement") whereby Russell transferred all of his rights in the GREAT WHITE mark to Plaintiffs, and Plaintiffs gave Russell a license to call his band "Jack Russell's Great White," subject to certain restrictions on usage designed to, *inter alia*, minimize public confusion.  The Hon. Otis D. Wright II of this Court signed a consent judgment and permanent injunction outlining these uses.

13.     Part of Plaintiffs' duties under the Agreement include policing the Mark against infringers.  Jack Russell's Great White is performing on October 25, 2013 at a venue in Agoura Hills, California, known as the Canyon Club.  On information and belief, the Canyon Club is owned by Defendant Sterling Venue.

14.     Defendant Sterling Ventures, LLC has been promoting the October 25, 2013 show as a performance by "GREAT WHITE." A sign advertising Great White has been placed on the 101 Freeway in Agoura Hills for the past few weeks.  This sign is seen by thousands of commuters every day.  The sign does not say "Jack Russell's Great White" but simply "Great White."

15.      Plaintiffs have received questions from fans asking if their band Great White is performing that night.

16.     On information and belief, Defendants are aware of the infringement.  In August, 2013, Plaintiffs had contacted Russell's attorney and asked him to speak with Defendants about promotion of this show.  During the week of October 1, 2013, Plaintiffs contacted Defendants or their agents, calling their attention to the Agreement and attendant injunction and demanding that the sign be taken down.

17.     On information and belief, Russell and his attorney have done everything in their power to ensure that the October 25, 2013 concert is advertised in a way that does not confusion between Russell's band and Plaintiffs' band.

18.     As of the morning of October 15, 2013, the advertisement for "Great White" remained on the 101 Freeway. A picture of the sign taken on that date is attached hereto as Exhibit A.

## Defendants' Trademark Infringement

19.     Plaintiff is informed and believes, and on that basis avers, that Defendants are engaged in the business of providing goods and services related to the performance of live music.

20.     Plaintiff has never authorized Defendants to use the Mark in relation to the October 25, 2013 concert.  Great White is not playing that night.

21.     Defendants' unauthorized use of confusingly similar marks in connection with the provision of live music and music-related services is likely to confuse, to cause mistake, or to deceive purchasers of those services.

22.     Plaintiffs or their agents have received numerous communications from third parties indicating actual confusion between their GREAT WHITE mark and the use of "Great White" by Defendants.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(a))

23.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-22 above, as though fully alleged and set forth herein.

24.     Plaintiffs are the owners of all common law right, title and interest in and to the service mark GREAT WHITE in relation to live musical performances and related goods and services and therefore have standing to maintain an action unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25.     Sterling Venue has, without authorization, used the Mark in commerce in connection with a band performance on October 25, 2013, which is likely to cause confusion or mistake or to deceive as to the source of the entertainment being provided that night.

26.     Sterling Venue has or has permitted others under its control, without authorization to use in commerce the Mark in a manner which is likely to cause confusion or mistake.

27.     Plaintiffs are informed and believe, and on that basis aver, that the conduct of Defendants have been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

28.     Defendants knew or by the exercise of reasonable care should have known that the adoption and commencement of the use of the Mark in relation to the sale of music-related services would cause confusion, mistake, or deception among purchasers of those services.

29.     Sterling Venue's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and pertinent buyer recognition.

30.     Sterling Venue's acts and omissions have caused and, unless retrained by this Court, will continue to cause Plaintiffs and the relevant purchasing public to suffer great and irreparable damage and injury through, inter alia, (a) likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of the infringing services, and (b) loss of Plaintiffs' valuable goodwill and business reputation.  Plaintiffs have no adequate remedy at law.

31.     Based on Sterling Venue's wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including Sterling Venue's profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

32.     Upon information and belief, Defendants' wrongful conduct has been deliberate and willful and, thus, renders this an "exceptional case" under 15 U.S.C. §1117(a) and Plaintiff is further entitled to its attorney's fees and costs of suit herein pursuant to 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a))

33.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-22 above, as though fully alleged and set forth herein.

34.     Plaintiffs are the owners of all common law right, title and interest in and to the mark GREAT WHITE in relation to live musical performances and related goods and services and therefore have standing to maintain an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

35.     Sterling Venue has, without authorization, used the Mark in commerce in connection with a band performance on October 24, 2013 and/or has made false designations of origin which are likely to cause confusion or mistake or to deceive as to affiliation, connection, or approval of Sterling Venue's services or commercial activities in regards to the infringing goods and services.

36.     Sterling Venue has or has permitted others under its control, without authorization, in connection with their services relating to the advertising and promotion of third party goods and services, used in commerce the Mark, and/or has made false designations of origin which are likely to cause confusion or mistake or to deceive as to affiliation, connection, or approval of Sterling Venue's services or commercial activities in regards to the advertising and promotion of third party goods and services.

37.     Plaintiffs are informed and believe, and on that basis aver, that the conduct of Sterling Venue has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

38.   Sterling Venue knew or by the exercise of reasonable care should have known that the adoption and commencement of the use of the Mark in relation to the sale music-related services would cause confusion, mistake, or deception among purchasers of those services.

39.   Sterling Venue's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and pertinent buyer recognition.  As a direct and proximate result of Sterling Venue's wrongful conduct, as alleged herein, Plaintiffs have been deprived and will be deprived of the value of their Mark as a commercial asset in an amount as yet unknown but to be determined at trial.  Plaintiffs seek an accounting of Sterling Venue's profits, and requests that the Court grant Plaintiffs three times that amount.

40.   Sterling Venue's acts and omissions have caused and, unless retrained by this Court, will continue to cause Plaintiffs and the relevant purchasing public to suffer great and irreparable damage and injury through, inter alia, (a) likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of the infringing services, and (b) loss of Plaintiffs' valuable goodwill and business reputation.  Plaintiffs have no adequate remedy at law.

41.   Based on Sterling Venue's wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including Sterling Venue's profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

42.   Upon information and belief, Sterling Venue's wrongful conduct has been deliberate and willful and, thus, renders this an "exceptional case" under 15 U.S.C. §1117(a) and Plaintiffs are further entitled to attorney's fees and costs of suit herein pursuant to 15 U.S.C. §1117.

**THIRD CLAIM FOR RELIEF**
**(COMMON LAW TRADEMARK INFRINGEMENT)**

43.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-22 above, as though fully alleged and set forth herein.

44.     Defendants' use of the Marks and other similarly confusing marks has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and constitutes infringement of the Mark in violation of the common law of the State of California

45.     Defendants' conduct has irreparably damaged and will continue to irreparably damage Plaintiffs' market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

46.     Defendants' conduct was undertaken with malice and oppression, justifying the imposition of punitive damages to punish Defendants and deter Defendants and others from engaging in similar conduct in the future.

**FOURTH CAUSE OF ACTION**

**(COMMON LAW UNFAIR COMPETITION)**

47.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-22 above, as though fully alleged and set forth herein.

48.     Defendants' use of the Marks has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and constitutes unfair competition in violation of the common law of the State of California.

49.     Defendants' conduct has irreparably damaged and will continue to irreparably damage Plaintiffs' market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs.  Such irreparable harm will

continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

50.     Defendants' conduct was undertaken with malice, fraud and oppression, justifying the imposition of punitive damages to punish Defendants and deter Defendants and others from engaging in similar conduct in the future.

## FIFTH CAUSE OF ACTION

### (Unfair Competition - California Bus. &, Prof. Code § 17200 *et seq.*)

51.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-22 above, as though fully alleged and set forth herein.

52.     Defendants' actions complained of herein are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Business and Professions Code §17200 *et seq.*

53.     Defendants' acts described above have harmed Plaintiffs and its consumers, and unjustly enriched Defendants and will continue to cause this harm and unjust enrichment unless enjoined by this Court. Accordingly, Plaintiffs are entitled to an injunction under California Business and Professions Code §17203 to prevent Defendants' ongoing unfair competition, as well as restitution to prevent Defendants' unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, as to all counts of this Complaint, Plaintiffs request that this Court enter a judgment and declaration in favor of Plaintiffs and against Defendants as follows:

A.  Preliminarily and permanently enjoining and restraining Defendants, all entities under its control, as well as its licensees, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons

or entities acting on behalf of Defendants or with Defendants' authority, from:

(1) using in any way "GREAT WHITE" alone or any confusing mark in relation the promotion of music or live performances of music that do not involve Plaintiffs;

(2) using in any way GREAT WHITE alone or any confusing mark in relation to the offering live performances of music that do not involve Plaintiffs; or

(3) doing any act or thing that is likely to induce the belief that Plaintiffs' and Defendants' goods or services or activities are in some way connected with Plaintiff's and/or Defendants' business, or that is likely to injure or damage Plaintiff's or their trademarks.

B. Ordering Defendants to:

(1) pay Plaintiffs the compensatory damages in the amount of $100,000 sustained by Plaintiffs as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

(2) pay Plaintiffs punitive damages as a consequence of the willful and wanton acts alleged herein;

(3) account for and pay over to Plaintiffs all gains, profits, and advantages derived by it from the acts alleged herein and/or as a result of unjust enrichment;

(4) deliver up for destruction all materials that bear "GREAT WHITE" alone or any confusing mark  in relation to live performance of music and/or the provision of musical services, including without limitation all signage, brochures, posters, labels, stickers, written materials and other promotional materials;

(5) deliver up for destruction all products that infringe on  Plaintiffs' Mark;

(6) reimburse Plaintiffs the costs they have incurred in pursuing this action, together with its reasonable attorneys' fees and disbursements;

(7)      pay Plaintiffs' costs of corrective advertising;

C.   For damages, punitive damages, injunctive relief, corrective advertising and all other remedies available under the common law of California and under California Business and Professions Code § 17200; and

D.   Awarding Plaintiffs such other and further relief as this Court may deem equitable.

Dated:  October 16, 2013          Respectfully submitted,


By:
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiffs Great White
Entertainment, Inc., Mark Kendall, Michael
Lardie and Audie Desbrow

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Counterclaimant hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

Dated:  October 16, 2013          Respectfully submitted,


By: _____
A. Eric Bjorgum
Marc Karish
KARISH & BJORGUM PC
Attorneys for Plaintiffs

EXHIBIT A

the Canyon 9ZJillme

## 11/8
# ENGLISH BEAT

# ABBA FAB
Nov 21

# SHAGGY
Nov 15

DEC 13

# GREAT WHITE
10/25

## 10/19
# EDDIE MONEY

## 11/9
# Queensrÿche

# BOINGO
**Dance Party**
11/1